## SIOUX FALLS BREWING & MALTING CO. v. WOOD.

Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by the Sioux Falls Brewing & Malting Company against J. D. Wood. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Frank Sears, (H. H. Potter, for counsel),* for appellant. *S. H. Cranmer,* for respondent.

CORSON, J. This is an appeal by the plaintiff from an order dissolving proceedings in attachment. The warrant was issued upon an affidavit stating, among other things, as grounds for the attachment, "that the defendant had departed from the state of South Dakota with intent to defraud his creditors, that the defendant is about to remove his property from said state of South Dakota with intent to defraud his creditors, and that the defendant has secreted a portion of his property." On the 24th day of January, 1905, the order previously made by the court to show cause why the attachment in said action should not be vacated and set aside came on for hear-

ing, and on the hearing the appellant supported his affidavit for an attachment by the affidavits of Obe S. Kiser and Simon C. Nelson, and relied mainly on the affidavit of said Nelson. The defendant in his affidavit denied fully all of the allegations contained in the affidavit upon which the attachment was issued, and the affidavits made by Nelson and Kiser so far as the same tended to prove an intention on his part to depart from the state, remove his property from the state, or secrete the same with intent to defraud his creditors. On the hearing it was shown by the affidavit of Mr. Cranmer, attorney for defendant, and by the defendant's own affidavit, that previous to the hearing the said Nelson had, on being questioned by said Cranmer, admitted that many of the material statements made by him in his affidavit were untrue and ought not to have been made, and that an affidavit prepared by Mr. Cranmer correcting said mistakes was probably true, but that he did not desire to get further complicated in the matter, and therefore refused to sign the affidavit. The court in its decision evidently disregarded the said affidavit of Nelson, and it very properly did so, as the statements made by Nelson in his affidavit, and conflicting statements made to the defendant and his attorney, were such that no reliance could be properly placed upon the same. Disregarding the affidavit of Nelson, there was practically little or no evidence to support appellant's attachment. The defendant, as before stated, made a very full statement, showing the reasons for his absence from the state, and satisfactorily explained all the circumstances connected with his departure which tended in any manner to prove an intention on his part to depart from the state or to remove or secrete his property with intent to defraud his creditors. There was a letter also introduced in evidence on the part of the appellant which, read in connection with Nelson's affidavit, contains certain statements tending to prove a fraudulent intent on the part of the defendant; but this letter of itself affords very slight evidence of such intention. The affidavits are quite lengthy, and no useful purpose would be served by reproducing them in this opinion. It is sufficient, therefore, to say that after a careful examination of the same we are of the opinion that the court committed no error in

dissolving the attachment, and that the order of the court dissolving the same should be, and the same is, affirmed.

FULLER, P. J., dissents.